### STANLEY SNYDER et al. v. STATE.
No. A-4625.   Opinion Filed July 8, 1924.
(227 Pac. 892.)

(Syllabus.)

1.  **Abatement of Prosecution—Death of Accused.** In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

2.  **Appeal and Error—Dismissal of Appeal where Defendant Pardoned.** Where a defendant is pardoned pending the determination of his appeal, the appeal will be dismissed.

Appeal from County Court, Washington County; Robert D. Waddill, Judge.

Stanley Snyder and another were convicted of transporting intoxicating liquor, and they appeal. Dismissed and cause remanded.

George, Campbell & Ray, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiffs in error were tried and convicted on a charge that they did in Washington county, on or about November 15, 1922, unlawfully transport 24 quarts of whisky, and in accordance with the verdict of the jury were each sentenced to be confined in the county jail for five months and pay a fine of $400.  From the judgments rendered on the verdict an appeal was perfected by filing in this court on April 6, 1924, a petition in error with case-made.

On July 3, 1924, counsel of record filed a suggestion of the death of the plaintiff in error, Stanley Snyder, with affidavit attached showing that he was killed on or about May 9, 1924.

In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.  It is therefore considered and adjudged that the proceedings in this action as to plaintiff in error Stanley Snyder do abate.  The trial court is directed to enter an order to that effect.

Counsel of record also filed a motion to dismiss the appeal of plaintiff in error Pat Durkin for the reason that on the 22d day of October, 1923, J. C. Walton, then Governor, granted a full pardon, duly authenticated under the great seal of the state, and filed in the office of the secretary of state.

The uniform holding of this court is that when a pardon is granted by the Governor, and this fact is called to the attention of the court, pending the determination of an appeal, the appeal will be dismissed.

It is therefore considered and adjudged that the appeal herein as to plaintiff in error for Pat Durkin be dismissed and the cause remanded to the lower court.

MATSON, P. J., and BESSEY, J., concur.